## *PULLMAN CO. v. B. W. WILLETT.

1. EVIDENCE OF CUSTOM TO SHOW AGENCY, IS ADMISSIBLE IN SUIT UPON SPECIALTY.

    In a suit upon a specialty, evidence of a party's uniform custom of transacting business with the public generally with. reference to the matter in dispute introduced for the purpose of showing an agent's authority to make the contract in question in behalf of his principal is admissible.

2. RELATION OF PRINCIPAL AND AGENT BETWEEN SLEEPING CAR COMPANY AND RAILROAD TICKET AGENT SHOWN BY CUSTOM.

    An agency is sufficiently proved if it be shown that the principal has led the public to believe that the same exists, and this may be done by a continued course of business transactions consisting in recognizing and fulfilling contracts made on behalf of the principal; hence, the agency of a railroad ticket agent to reserve berths of a sleeping car company for passengers on a train may be proved by evidence showing prior ratifications by such company of reservations made under similar circumstances by such agents.

3. DAMAGES RECOVERABLE FOR BREACH OF CONTRACT CAUSING MENTAL ANGUISH, WHEN ACCOMPANIED BY PHYSICAL SUFFERING.

    For the breach of a contract to reserve a drawing room in a sleeping car for the plaintiff and his wife, compensatory damages for the mental anguish and humiliation suffered by the plaintiff by reason thereof may be recovered, where the evidence shows that plaintiff also suffered physical inconvenience, discomfort and pain, resulting from the same cause.

4. VERDICT FOR $125 NOT EXCESSIVE FOR BREACH OF CONTRACT TO FURNISH PROPER ACCOMMODATIONS IN SLEEPING CAR.

    A verdict of $125 is not excessive in a suit for damages caused by defendant's breach of contract in failing to provide a drawing room in a sleeping car for plaintiff and his wife, the consequence of which was to compel them to ride in the porter's apartment and to make two changes from one coach to another during the night, in view of the fact that they were on their wedding trip and that plaintiff was deprived of the comforts, conveniences and privacy naturally desired under such circumstances.

5. DEMAND FOR RETURN OF RAILROAD TICKETS NOT A WAIVER OF RIGHT OF ACTION FOR BREACH OF CONTRACT BY SLEEPING CAR COMPANY.

    In an action for breach of contract by a sleeping car company in failing to provide a berth for the plaintiff, the fact that he demanded his railroad ticket from the conductor of the train upon learning that suitable accommodations could not be procured, which request was refused, is not such a waiver of his rights as will operate to relieve the company from its liability.

ERROR to Richland common pleas court.

*Affirmed without report, Pullman Co. v. Willett, 72 Ohio St. 690.

**Cummings, McBride & Wolfe,** for plaintiff in error:

Recovery for mental suffering: *Spade* v. *Railway,* 168 Mass. 285 [47 N. E. Rep. 88; 38 L. R. A. 512; 60 Am. St. Rep. 393]; *Walsh* v. *Railway,* 42 Wis. 23 [24 Am. Rep. 376]; *Peay* v. *Telegraph Co.* 64 Ark. 538 [43 S. W. Rep. 965; 39 L. R. A. 463]; *Morgan* v. *Pacific Co.* 95 Cal. 510 [30 Pac. Rep. 603; 17 L. R. A. 71; 29 Am. St. Rep. 143]; *Chapman* v. *Telegraph Co.* 88 Ga. 763 [15 S. E. Rep. 901; 17 L. R. A. 430; 30 Am. St. Rep. 183]; *West* v. *Telegraph Co.* 39 Kan. 93 [17 Pac. Rep. 807; 7 Am. St. Rep. 530]; *Western Union Tel. Co.* v. *Ferguson,* 157 Ind. 64 [60 N. E. Rep. 674, 1080; 54 L. R. A. 846]; *Francis* v. *Telegraph Co.* 58 Minn. 252 [59 N. W. Rep. 1078; 25 L. R. A. 406; 49 Am. St. Rep. 507]; *Connelly* v. *Telegraph Co.* 100 Va. 51 [40 S. E. Rep. 618; 56 L. R. A. 663; 93 Am. St. Rep. 919]; *Chase* v. *Telegraph Co.* 44 Fed. Rep. 554 [10 L. R. A. 464]; *Crawson* v. *Telegraph Co.* 47 Fed. Rep. 544; *Tyler* v. *Telegraph Co.* 54 Fed. Rep. 634; *Kester* v. *Telegraph Co.* 55 Fed. Rep. 603; *Gahan* v. *Telegraph Co.* 59 Fed. Rep. 433.

**Kerr & LaDow,** for defendant in error:

The contract. *Pullman Palace Car Co.* v. *Nelson,* 22 Tex. Civ. App. 223 [54 S. W. Rep. 624]; *Pullman Palace Car Co.* v. *Booth,* 28 S. W. Rep. 719 (Tex. Civ. App.); 3 Thompson, Negligence (2 ed.) Sec. 3612, p. 972; *Pullman Palace Car Co.* v. *King,* 99 Fed. Rep. 380 [39 C. C. A. 573].

As to breach of contract. *Mann Boudoir Car Co.* v. *Dupre,* 54 Fed. Rep. 646 [4 C. C. A. 540; 13 U. S. App. 183; 21 L. R. A. 289]; *Braun* v. *Webb,* 65 N. Y. Supp. 668; *Braun* v. *Webb,* 62 N. Y. Supp. 1037; *Aiken* v. *Railway,* 118 Ga. 118 [44 S. E. Rep. 828; 90 Am. St. Rep. 107]; *Quinby* v. *Vanderbilt,* 17 N. Y. 306 [72 Am. Dec. 469]; 3 Thompson, Negligence Secs. 3610, 3611, p. 972; *Duval* v. *Car Co.* 62 Fed. Rep. 265 [10 C. C. A. 331; 23 U. S. App. 527; 33 L. R. A. 715]; *Nevin* v. *Car Co.* 106 Ill. 222 [46 Am. Rep. 688] and authorities cited; 3 Thompson, Negligence Sec. 2568, p. 36; Sec. 2574; *Pullman's Palace Car Co.* v. *King,* 99 Fed. Rep. 380 [39 C. C. A. 573]; *Murdock* v. *Railway,* 137 Mass. 293 [50 Am. Rep. 307]. Mental suffering. *Smith* v. *Railway,* 23 Ohio St. 10; 8 Am. & Eng. Enc. Law (2 ed.) 668.

## DONAHUE, J.

This proceeding in error is brought to reverse the judgment of the common pleas court in an action in that court, wherein B. W. Willett sued the Pullman Company for damages for breach of contract.

The petition avers that the defendant company entered into a contract with the plaintiff, by the terms of which he was to be furnished a

drawing room on one of the defendant's cars, for the use of himself and wife, from Shelby, Ohio, to New York, which car was attached to a train on the Clev. C. C. & St. L. Railway Company's lines; that in pursuance of said agreement he then purchased transportation over said company's line to New York; that said defendant company failed and neglected to keep its contract in that behalf to furnish him with said drawing room, and that he and his bride, he having just been married on that day, were compelled to occupy the porter's apartment from Shelby to Cleveland, and at Cleveland, at 1:45 A. M., they were compelled to change to another car in which they obtained a berth to Buffalo, and at 5 A. M. they were compelled to change again to a chair car, in which latter car they remained until they reached New York.

He avers that by reason of such failure on the part of said company he suffered physical pain, inconvenience, humiliation, mental anguish and suffering, to his damage in the sum of $1,999, for which he prays judgment.

The effect of the defendant's answer is to deny that any such contract was made as relied upon in plaintiff's petition, and upon the issue joined the cause was tried to a jury, resulting in a verdict for plaintiff for $125 and judgment thereon.

The record discloses that a conversation over the telephone was given in evidence by the plaintiff, over the objection of the defendant, and this is assigned as error. It is perhaps true that there ought to have been a little more certainty as to the identification of the speaker in this telephone communication, but Mr. Willett says, "I received a telephone message that he had word from the main office that they had this reservation for me for that train" It does clearly appear from the evidence admitted just prior to this answer, that he referred to Mr. Close, who was acting in some capacity in the railway office at Shelby. True, he does not say how he knew it was Mr. Close, but the evidence all taken together does show that he did testify that it was Mr. Close that was talking, although he used the pronoun "he." If counsel desired to show that he could not be certain as to the identity of the individual talking, then it was the duty of counsel to cross-examine him upon this point, and show by this cross-examination that he did not know and could not know with any degree of certainty as to the identity of the person speaking. But as it now stands the record discloses that he swore positively that it was Mr. Close, and therefore the conversation was admissible. But this telephone communication has very little if anything to do with the issue in this case. It is merely cumulative evidence at

Richland County.

most, and as there is no conflict of evidence in this record we should not hold it prejudicial error, even though it were erroneously admitted.

There was also a telegram admitted in evidence, over the objection of counsel for defendant, signed by the initials W. J. L., and the evidence shows that these initials were the initials of Warren J. Lynch, general passenger agent of the Big Four.

It is contended, first, that this was not the original telegram, that the original was in the telegraph office at Cincinnati, and that this paper offered in evidence was a mere copy. This telegram was not sent directly to Mr. Willett, but was handed him by Mr. Close, either as representing Mr. Lynch or the Pullman Company, or the railway company, whichever it may determine to be, but to all intents and purposes, so far as Mr. Willett is concerned, it is the original telegram that was handed him and the one upon which he had a right to rely, for this telegram may bind the Pullman Company no matter whether it was a true copy of the one on file in Cincinnati or not. So that we think the telegram was properly admitted in evidence so far as this objection is concerned. But, it is urged, that there is no evidence showing any authority on the part of Lynch, Close or any other railway official to bind the Pullman Company. It is in evidence, however, that this was the usual and customary manner of procuring apartments on the Pullman Company's cars at Shelby, Ohio, and that these railway agents were in the habit in the usual course of business of making such contract for and on behalf of the Pullman Company, and that Mr. Willett had theretofore transacted the same character of business with these agents, and the Pullman Company had always ratified their authority and fulfilled the contract made by them. So that if this evidence is competent, then it would appear that there is some evidence touching the authority of these railway officials to contract for the Pullman Company.

It is insisted by the plaintiff in error that the admission of this evidence of custom was prejudicial error, and if that be true, then, of course, all conversations with Mr. Close, either over the telephone or otherwise and the admissions of the telegram, would be error, because of the failure of the plaintiff below to show authority on the part of these individuals to speak and act for the Pullman Company.

It is contended that plaintiff sues upon a specialty and that therefore he cannot recover under a custom, but must prove the contract averred in the petition. It does not appear that this custom has been shown for the purpose of showing the terms of the contract, but on the contrary only for the purpose of showing the authority of these agents

Pullman Co. v. Willett.

to make the contract on the part of the Pullman Company. If the Pullman Company had been transacting business through the railway officials at Shelby, Ohio, or through Mr. Lynch, the general passenger agent of the railway company, then, whether there was any such contract of agency between these parties or not, would not be important, for if a person holds out another to the public as his agent he is bound by the acts of that individual, whether he in fact be such agent or not, and the public dealing with such agents are not required to first determine the nature and extent of their authority. It is sufficient if the alleged principal has by his conduct induced the public to deal with such person as his agent, and this inducement may be by overt act or words, or by long continued course of business transaction in ratifying, indorsing and fulfilling contracts of such persons made by them on behalf of such principal.

We therefore think this evidence was properly admitted and did show the authority of these railway officials to enter into this contract for and on behalf of the Pullman Company, and therefore the conversations with these persons and telegram were properly admitted in evidence.

It is further contended that the court erred in its charge in not clearly and fully stating the issue to the jury. This assignment of error we do not think is well taken. It does appear from the charge that the jury was fairly and fully instructed as to the issue joined.

It is further contended that the court erred in its charge touching the rule of damages, in stating that plaintiff could recover for the mental anguish suffered or endured by reason of such breach of contract. We think this is the correct rule in this case. The plaintiff does show, by his evidence, that he suffered physical inconvenience and discomfort and the consequent physical pain attendant thereon is sufficient to support his claim for compensatory damages, which includes damages for mental suffering and humiliation, although it is true that without such basis of recovery, mental anguish alone would not be sufficient to support the action.

It is further contended that the damages awarded were excessive. We think not. The peculiar circumstances of this case were properly matter for the consideration of the jury. The damages for the deprivation of the comforts, conveniences and privacy for which he had contracted and agreed to pay are not to be measured by the amount to be paid therefor. He could have had cheaper accommodations had he so desired, but that he wanted these accommodations under the circumstances of this case was but natural and commendable, and we do not think that the record fails to show any damages, but, on the contrary,

it fully sustains the verdict and would, in our opinion, sustain even a larger verdict had the jury thought proper to fix a larger amount.

Some complaint is made that he demanded his tickets from the railroad conductor, instead of the Pullman conductor. This was certainly the proper person upon whom to make demand for the return of his railway tickets, because that conductor was the one who had those tickets and was representing the railroad company, and the Pullman Company had nothing to do with that contract, so that if the railroad company would not return the tickets there was nothing left for him to do but to accept the accommodations offered by the Pullman Company, in place of the accommodations that it had contracted to furnish him. This company might have reduced these damages very much by procuring the railway company to return to him his railroad tickets at Cleveland, so that he might stop over there until a later train, but this was not done, on the contrary, the railroad company refused so to do.

Finding no error in this record to the prejudice of plaintiff in error, the judgment of the common pleas court is affirmed, with cost, but without penalty, and the cause remanded for execution.

Exceptions of plaintiff in error noted.

**Voorhees** and **McCarty, JJ.,** concur.